CONNOR v. GENERAL FIRE EXTINGUISHER CO. et al.

(Supreme Court, Appellate Division, First Department. June 20, 1902.)

1. ACTION FOR DEATH—SUFFICIENCY OF EVIDENCE.

Defendant was engaged in fitting up a building with a certain apparatus under contract with the owner, and while iron pipes were being carried up on an elevator, loaded by defendant, but operated by the owner's servant, some of them fell out of a window, and killed plaintiff's intestate, who was standing on the street. Plaintiff's evidence showed that some of the pipes, which were too long to stand inside the elevator, were thrust through an opening in the top thereof, thus necessitating its stopping several feet below the floor to which they were being carried, and directly opposite the window through which the pipes that killed deceased fell; that some of the shorter pipes were placed in the elevator in a position slanting to the edge of the floor thereof next to the window, and that these pipes were not tied or braced to prevent slipping. Defendant's evidence tended to contradict plaintiff's in some respects. Held sufficient to sustain a verdict for defendant.

2. SAME—JUDGMENT FOR ONE DEFENDANT AND AGAINST ANOTHER—SEPARATE APPEALS—REVERSAL AS TO ONE—EFFECT.

Where, in an action against two defendants for negligent killing, the trial court instructs that one or both are liable, leaving it to the jury to say which, and the jury gives a verdict in favor of one and against the other, the reversal by the appellate court of the judgment against the latter does not necessarily render the judgment in favor of the former erroneous, and an appeal therefrom will be determined solely on the evidence on which it is founded, regardless of the decision on the other appeal.

Laughlin, J., dissenting in part.

Appeal from trial term, New York county.

Action by Elizabeth C. Connor, administratrix, against the General Fire Extinguisher Company and another. From a judgment in favor of the defendant General Fire Extinguisher Company, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

R. D. Thurber, for appellant.
F. V. Johnson, for respondent.

PATTERSON, J. This action was brought to recover damages for the death of the plaintiff's intestate, alleged to have been caused by negligence of the servants of either or both of the defendants. Those defendants are the General Fire Extinguisher Company, a corporation, and Koch & Co., a copartnership. On the trial of the cause a verdict was rendered in favor of the plaintiff against the copartnership and in favor of the corporation exonerating it from responsibility. Upon an appeal to this court by Koch & Co., the judgment against that firm was reversed. 63 App. Div. 257, 71 N. Y. Supp. 836. The present appeal is by the plaintiff from the judgment in favor of the General Fire Extinguisher Company.

The facts of the case may be summarized in brief. The decedent was employed by a truckman to bring certain iron pipes to premises occupied by Koch & Co. At these premises the defendant, the present respondent, was engaged in fitting the building with a fire-ex-

tinguishing apparatus. The pipes were unloaded from the truck, and were then placed in an elevator in the building, to be carried up by that elevator to the sixth floor of the building. The decedent was standing upon the sidewalk, and was killed by the falling of a bundle of pipes from the elevator through a window at the fifth story of the building. It seems that the elevator was operated by one Baumann, who was a servant of Koch & Co., but it also appeared that the pipes were placed upon the elevator by employés of the General Fire Extinguisher Company, assisted by some of the truckmen. On the trial the question as to the negligence of the defendants was whether either or both of them were responsible for acts of their respective servants. As to Koch & Co. the contention of the plaintiff appears to have been that there was negligence on the part of Baumann in operating the elevator, in that he omitted to close a gate on the side of the elevator towards a window on the fifth story, and that, in the way in which the pipes were loaded upon this elevator, the floor of the car could not be carried up to the sixth floor of the building, at which the pipes were to be taken off; that they were so put upon the elevator that by reason of mismanagement of the car they fell through the window and into the street. The contention was further made that the General Fire Extinguisher Company was liable because of the manner in which the pipes had been put upon the elevator. It appeared that some of the pipes were too long to stand upright in the elevator; that there was a screen at the top of the elevator car, and that that screen was raised in order that the pipes might stand upright, and, when raised, the screen was tied to the cable which held the car, the ends of the pipes extending about three feet above what would have been the level of the screen when properly in place. The claim on the part of the plaintiff is, as against the General Fire Extinguisher Company, that, owing to the fact of the pipes being thus placed in the elevator car, it became necessary to stop the car three feet below the sixth floor, and opposite the unguarded window through which they fell. Some of the shorter pipes were placed in a position slanting from the north side of the car to the very edge of the floor on the south. It is claimed that there was nothing placed at the base of these inclined pipes to guard against their slipping; that they were neither tied nor fastened in any way; and thus the inference is sought to be drawn that for want of proper loading or proper protection or appliances in the car, these pipes slid out of the car and through the open window. On the trial, the inquiry was as to the negligence of the servants of either of the defendants. The jury found that the accident was due to the negligence of Baumann, and they also found that it was not to be attributed to the servants of the General Fire Extinguisher Company, and they found that verdict in favor of the present respondent, upon evidence fairly submitted to them under a clear charge, which evidence is quite sufficient to sustain the verdict. There was no exception taken by the plaintiff to the charge or remarks made by the trial judge in the submission of the cause to the jury. The plaintiff was content to have the issues submitted as they were submitted. The trial judge expressly left it to the jury to say who was negligent

in the case,—one or both of the defendants; and the jury were also positively instructed that if they should find from the evidence that the accident was caused by the employés of the General Fire Extinguisher Company, they could not find a verdict against Koch. The court had stated to the jury the presumption of law that arose from the fact of these pipes falling from the building into the public highway, and again left it to the jury to say from the evidence given by the witnesses who was at fault, whether one or both of the defendants; and stated to them that it might be inferred from the evidence, perhaps, that there was negligence arising upon the part of the General Fire Extinguisher Company from the placing of the pipes as they were placed in the lift, and that it might also be inferred from the proofs that there was negligence in the employé Baumann in stopping the elevator three feet below the sixth floor, opposite the window. So, without objection, and upon the whole evidence, the question for the jury to determine, with the acquiescence of the plaintiff, was, which of the defendants was liable in the action. As said before, the evidence was quite sufficient to show that the General Fire Extinguisher Company was not liable. When this court, on the appeal of Koch & Co., reversed the judgment as to that firm for the reasons mentioned in the opinion of Laughlin, J., it did not necessarily result therefrom that a determination was made that the General Fire Extinguisher Company was liable. It does not follow because the learned trial judge charged the jury that one or both of the defendants were liable, and this court having concluded on the appeal of Koch & Co. that the verdict of the jury visiting liability upon that firm could not be maintained on the record then before us, that the General Fire Extinguisher Company is necessarily liable. This appeal of the plaintiff is to be determined upon the evidence as it is presented in the record relating to the servants of the General Fire Extinguisher Company. That evidence was conflicting, but was sufficient to support the finding of the jury in favor of that corporation, and there is no reason why the verdict or the judgment based thereon should be interfered with.

The judgment and order appealed from should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN and McLAUGHLIN, JJ., concur. LAUGHLIN, J., dissents on the ground that the verdict of no cause of action is against the weight of evidence.